The argument today is 20-1519, Maxill v. Loops. Mr. Walker, please proceed. Thank you. This is the district court action or an appeal of the district court action regarding a patent directed to a toothbrush. And it's a toothbrush for institutional use, such as use in prisons or for inmates. And it's directed to a flexible handle to avoid use of the brush as a weapon. And so the issues are, with respect to the one element in dispute, the flexible throughout limitation of the flexible handle issues was the sua sponte summary judgment of non-infringement proper. And we submit that it wasn't, that that limitation was met, and at the very least, there's disputes of fact. And then the other issue was whether there was an abuse of discretion in connection with the court's private test of the accused product and then sua sponte summary judgment based thereon without a chance for us to respond. And the court's rejection of the request for reconsideration, and what we contend was altering the claim construction in the course of doing that. Mr. Walker, before you get into your argument, I have a quick question just about claim construction. Is it your view that the elongated body includes the orange substance but does not include the head, that is to say the white piece with bristles, or that the flexible elongated body includes the orange substance with the head in it? The reason I ask is because at several points in your brief, you suggest that the elongated body is less flexible in the head portion, which I assume is attributable to the head, which led me to believe that your argument was that the elongated body includes the head portion. But at other points, it seems like you're saying that the elongated body does not include the head. Right. So, yes, we're contending that the claim requires that the elongated body is comprised of a head portion and a handle portion. And then the claim also has another element called a head, which is not part of the elongated body. My question is, is the elongated body, when you talk about the elongated body, is it in effect the entire toothbrush, including the head, or does it exclude the head? I think technically, under the way the claim is written, it excludes the head. Okay. So, for purposes of this case and the accused product, which is made up of two colors, orange and white, your view is, in mapping the accused product onto the claim, that the orange material is the claimed elongated body, and then the white portion, excluding the bristles, is the claimed head element. Is that right? Yes. Okay. But then, just following up on Judge Bryson's initial observation, it did seem like, in parts of your briefing and parts of your argument, you were suggesting that the elongated body, at least the head portion of the elongated body, is less flexible than the handle portion of the flexible body for the accused product. And that could only be because that argument is premised on the white material being included in your view of what the head portion of the elongated body is. So, I think I can understand Judge Bryson's confusion here, given that what you're saying in different parts of your brief seem to be inconsistent with each other. Could you clarify that? Yeah, I see what you're saying, but I'm just thinking of the claim as a practical matter that, well, in talking about the head portion being less bending than the handle portion, that would be a result of the claim, given that there's a requirement that the head is multitude, both in the head portion of the handle and that it's of a more rigid material. So, I think we can talk about both things in trying to prove the claim, and I guess that's maybe partly why we're here, in that to prove that the elongated body is flexible throughout, it's easy to prove that the handle portion is flexible throughout, because everyone can see it and bend it. And we submit that the evidence that we provided also shows that the head portion also bends or flexes. It just doesn't bend as much, because that's the way the claim is set up, and that's the way the product is made, to help it not be used as a weapon. I'm sorry, go ahead. No, please, go ahead. As Judge Chen was just saying, though, if it's less flexible in the head portion, and you say, for example, in reply brief at page 15, you say the elongated body of the accused product is less flexible in the head portion than in the handle portion. Because the less flexible head is inserted within the head portion, if what you're saying is that it is, the elongated body is less flexible, and then, as Judge Chen said, that can only be because the elongated body includes the head. For lack of a better way of putting it, are you walking away from the suggestion that the head portion is less flexible than the handle portion? No, no. No, I think we get to this point by applying the claim to the accused product, which is specific, and it's true that in the accused product, the head portion is less flexible than the handle portion. Right, but we're now talking about an issue of claim construction, which does not involve looking at the accused product, right? Right. And the question is, once again, is the head portion less flexible, in your view, because the elongated body includes the head in the head portion? As a matter of claim construction? Yes. Well, as I read it, the term flexible throughout doesn't go into that level of detail. It just says that the elongated body must be flexible throughout, and so if an inch of it is much more flexible than another inch of it, I don't think it matters so long as they flex. Counsel, I think for me, this is Judge Moore, I think for me, the confusion seems to be arising because the district court treated in application to the accused product, treated this claim as requiring flexibility throughout once the head is inserted inside the elongated body, and that's not what the claim seems to require on its face, and I think your argument is consistent with that, but then I think you kind of, where you may be sort of arguing in the alternative, that even if the claim required flexibility along the entire elongated body, even after the white head is inserted in, we have proof that should have precluded summary judgment, even if that is the right claim construction, which you yourself do not agree it is, but even if it is the right claim construction, we have proof that still should have precluded summary judgment on that. Does that sound consistent with what you're arguing? Yes. We have proof on both of those, and we also cited a case, I think the Tanaka case, that says that a claim term can have more than one ordinary meaning. Flexible throughout means that the material of the elongated body is flexible throughout, and as the court said in the claim construction order, appendix 674, under the header common words, as the court was saying, this has plain and ordinary meaning, the court said that the first material, and then put parentheses, the elongated body, must be flexible throughout. So, we think that's consistent with our first argument, that if all the orange material is flexible, the body is flexible throughout, and we also submitted evidence. I think there's evidence of record, at least to raise an issue of dispute of fact, that the head portion is flexible, and if you bend it, it's flexible. It is less flexible in the handle, but it does bend. We submitted images of that. Again, counsel, see, here's where you're sort of kind of confusing the issues. You mean the head portion when the head is disposed within it, correct? Because the head portion is just a piece of the orange tube. The orange tube, the head portion is going to be just as flexible as the body portion until you insert the white, stiffer material inside the head portion, correct? All right. Yes. Well, as to the latter, we're saying when you apply it to the accused product, the fact is that that head portion is flexible. It bends, and it twists, but it bends and twists less than the handle portion. And so we're trying to address the plain and ordinary meaning of flexible throughout in both cases, that the material itself is flexible, and also that the head portion and the handle portion bend, and therefore it's flexible throughout. Both things are true. Both things are evidence of infringement, and both things are consistent with the claim construction. Maybe the difference is the hypothetical of looking at the claim and imagining all possibilities versus the application of the claim to the accused product, which gets into this kind of seeming difference or inconsistency between saying, We proved it because the orange material is flexible throughout, and no one disputes that. And also, we proved it because we showed the brush bending, including the head portion bending, is just less bending than the handle. And yes, in doing that, we acknowledge that in the accused product, it has a head in it that's stiffer. Mr. Walker, you're into your rebuttal time. Do you want to continue? Well, I wanted to... Well, this is an easy case compared to most of them, I suppose. Less complicated. I wanted to note, as I already did, that the court itself and the claim structure owner said that the first material is flexible throughout. And also, Smith, the expert in bending the brush forward towards the bristles and having the image, which he labeled as less bending and more bending, he said, despite the court saying he didn't, that the orange material that makes up the elongated body, handle, and head portions is less rigid than the second material. So, it has to be, at least have some flexibility to it. And that's Appendix 833. And so, I'll reserve from there. Thank you, Mr. Walker. Let's hear from Mr. Kakar. Good morning, Your Honors. May it please the court. This is Mudit Kakar for Maxill. There is no evidence, based on the record of this case, that any reasonable juror will find that the head portion is flexible. And when I say head portion, and I, you know, agree with the, I know there was confusion based on how Loups characterized it, but it is Maxill's position is that, as the claim is written, the head portion, at least the elongated body, is comprised of the head portion and handle portion. That's clear. But the head portion also essentially includes the white head. Because the white head… This is Judge Chen. I just, just as a baseline, do we all agree that the orange material shown in the photographs of your accused toothbrush is flexible throughout? Just the orange material alone? Yes, Your Honor. It is. Okay. So… Yes. So your argument is, so your argument necessarily is premised on the head, once it's installed in the elongated body, is, becomes part of the elongated body. That is correct, Your Honor. Okay. But what about the claim structure, which appears to set out and separate three different elements of the claim toothbrush? Claim limitation one being an elongated body being flexible throughout. Limitation two being a head comprised of a second different material. And then finally, limitation three, a plurality of bristles extending from the head. So, structurally, that seems to signal to me that the head is a separate and distinct component from the elongated body. Now, to be sure, they're all ultimately integrated with each other, the bristles into the head and the head into the elongated body. But why would it necessarily be wrong to read and understand and construe the claim as the head being a separate and distinct component from the elongated body, and it is only the elongated body itself alone in isolation that has to be flexible throughout? Your Honor, because the way the claim is written, and I agree that there are multiple elements, but, and then the elements are related, but if you look at the language of claim one, where it talks about a head, you know, the head, but it further says the head is disposed in and molded to the head portion of the elongated body. And there is extensive prosecution history, and it's discussed in the brief, so I will not repeat it here, where it essentially, the applicant essentially made that argument that it is very critical for this utility of this invention to work, for this invention to work, that the head be permanently fixed to the head portion of the elongated body. And then the applicant used very strong language that the invention is directed to a toothbrush where the handle and the head are permanently attached, and head portion of the invention is under no circumstances capable of removal without destroying the purpose and utility of the claimed invention. And it's on page 1039 of the appendix and elsewhere as well as discussed in the brief, which is why… Mr. Kakkar, my arm is permanently attached to my torso. Does that mean when I say torso that necessarily includes my arm? But when we say, Your Honor, your body, then we will say it includes your arm. Yeah, and it also includes the torso, that it's permanently attached to the arm. That is correct. But then we wouldn't get confused and say the torso necessarily now encompasses my arm, given that the arm and torso are somehow permanently affixed to each other. In fact, Judge Chen, my engagement ring, because my fingers have gotten fatter over the years, is permanently affixed to my finger, which is attached to my arm, which is attached to my torso. So I think my engagement ring is likewise now part. Thank you for sharing that observation. Very good. Your Honor, and with all due respect… Very helpful. Very helpful. If I could intercede here. If we were to conclude that the claim construction that Mr. Walker is advocating here, that the elongated body does not include the head, we would have to reverse, would we not? I'm sorry. So if I understand Your Honor correctly, you're saying that if we were to… If we were to conclude that the claim construction that Mr. Walker is suggesting, that the elongated body is just the orange substance, it's distinct from the head, we would have to reverse, correct? Your Honor, the elongated body being distinct from the head, it is distinct in the sense that yes, they are made up of distinct… It does not include the head, the white, less flexible element. If we were to so conclude, then we would have to reverse. I don't see why we would have to reverse if we were to conclude that, because if we were to conclude the elongated body is just the orange material, because again, there are two different… …that are separate in both Claim 1 and Claim 11, because the limitation that elongated body being flexible throughout is present in both Claim 1 and 11, but the confusion that comes from is the relative rigidity of the first material and second material, which is only an element of Claim 1 and not of Claim 11. This is Maxwell's position, that the way the claims are written, the flexible throughout limitation, which the elongated body should be, is a different limitation from the relative rigidity of the material that makes the head and that makes the body. For accused product to be shown to infringe the claimed invention in the 285 patent, it must be shown that not only is the accused product flexible throughout, which that is from one end to the other as the court… Counsel, your answer to Judge Bryson's question is just sheer nonsense. You're not answering his question at all. His question was, if we conclude the elongated body is the only thing that needs to be flexible based on the claim language and that the head does not need to be flexible, just the elongated body, doesn't that require reversal in this case? I apologize. I did not mean to give a nonsensical answer. I guess I'm just having a hard time understanding the claim construction argument here that we would need to reverse it if the elongated body does not include the head portion. No, no, not include the head, not the head portion. You're correct. You're correct. The elongated body does not include the head. I apologize. I'm not able to definitively answer that because if we conclude that the head is not part – the lower court did not make any determination whether the head is part of the elongated body or not. Except that it seems to me at least that it was implicit in the district court's ruling that because the district court found that the elongated body was not flexible throughout, that was predicated on the fact that there was less, or in the district court's view, no bending in the handle portion because of the presence of the head. That is correct, Your Honor. So it seems that district court's whole analysis was premised on the construction, implicit construction perhaps, of the elongated body as including the head. That is correct, Your Honor. My question is if he's wrong about that implicit construction, don't we need to reverse? Yes, Your Honor. Thank you for clarifying. Yes, you're absolutely right. But we do understand that your position is the flexibility limitation is directed to the elongated head when it's combined – the elongated body when it's combined with the head, correct? That is correct. And then looking at Claim 4, it has a hardness limitation as to the head material, right? Yes, Your Honor. Of 75 to about 95 on the SURE-A scale. Are you familiar with the relative hardness of such materials within that SURE-A range? Yes, Your Honor. So that is… Those are pretty hard materials we're talking about once you get up into the 90s. Isn't that right? That is correct, Your Honor. So once you install something that hard into an otherwise floppy tube, it's going to make the head portion end of that floppy tube pretty inflexible, wouldn't it, once we're talking about hardness on the scale of the 90s? So, Your Honor, the hardness from 75 to 95, you know, and it also talks about – and then the Claim 5 is the one that actually lists examples of all the material. And so you're right. It will make it, you know, it will make it relatively harder to, you know… So all those materials – sorry, let me take a step back. So, yes, the 75 to 95, where it says it's the hardness of the second material. And that's another point, Your Honor, that we had in our brief, that there is a confusion the way the claims are written, whether the 75 to 95, the Claim 4 says that we're in the second material, that is, the material comprising the head is 75 to 95. And so, yes, those are hard materials. So, Your Honor, if I understand you correctly, you're saying that if that durometer hardness, if that were to be durometer hardness of the first material, that is the material making the tube? To Judge Moore, it's kind of you saying that's the material that needs to be the first material, because your argument is the elongated body has to be flexible throughout, even when you insert into it a head which has a 95 sure A scale hardness. So you're the one making the argument that the entire body need to be flexible, even when something that hard is stuffed into it. The second material's durometer hardness is between 75 to 95 and sure A scale. That is correct, Your Honor, because that is how the claim is written. And that is why, Your Honor, and it's not an appeal, but they were at the time of claim construction, we did make arguments relating to indefiniteness issues, because that's what makes it confusing. That, you know, because at the end of the day, practically speaking... Isn't there a way, isn't there a different way, though, of understanding how Claim 4 interacts with Claim 1? And that would be to further confirm that the flexible limitation is really just directed to the elongated body by itself in isolation without having the head installed into it. And then it's the head that actually, according to Claim 4 at least, can be quite hard, quite rigid, quite inflexible. If I were to punch my fist as hard as I could against something that had a 95 durometer hardness, I'd probably break my hand. That is correct, Your Honor. But it is Maxwell's position that, you know, once that hard... And that is, you know, we claim 4 being the dependent claim, but when we look at the, you know, Claim 1 language, it is that when that hard head, because it is permanently molded to the elongated body, as in the head portion of the elongated body, it renders that portion of the elongated body. It leaves, you know, inflexible. And that's why, you know, even the accused product, the way it's made, that the head portion, which essentially, that's our position, includes the head, which is permanently fixed to the head portion of the body, making it inflexible. And that is why that limitation is not met. But I do understand... Mr. Garza... I just have one last question. Procedurally, I'm troubled by the way this case went down procedurally. You filed an opposition to Loops' motion for summary judgment. And in the first page of that opposition, you suggest to the court that it's sua sponte, granted, summary judgment of non-infringement in Maxwell's favor. You did not file a cross motion for summary judgment, which would have given Loops an opportunity to file an opposition and make the cellotex showing that it's required to make. And yet, Loops, by virtue of your brief request for sua sponte summary judgment, has been put in the position of having to scramble to respond to that point in a reply, which, as I understand, was limited in district practice to three pages. Why didn't you file a cross motion for summary judgment, which would have given Loops a full opportunity to respond? That's absolutely correct, Your Honor. It wasn't any tactical decision. It was just a procedural oversight on my part because I found where case law... It was our position that based on the evidence that Loops provided in its opening motion as favoring summary judgment of infringement, that based on that evidence, that evidence was lacking and was not enough to show to meet the summary judgment standard. And that's why the case that I cited, that in such a case, even when there's no cross motion, the court can still respond and make a determination when the party that has the burden by preponderance of evidence of showing infringement fails to meet that burden. The other party, all it has to do is actually either show how they failed to or simply even point out that there is not enough evidence that there can be any infringement under a reasonable juror standard, which is why I labeled it as a request for a sua sponte decision. And then the district court does address that in a footnote saying that it was not procedurally filed correctly as a cross motion, but even as a request, court cites to the authority that it has the power to grant the sua sponte request and also... Under limited circumstances. That is correct. And I think that is why the court, I think, agrees with your honor because the court went ahead and gave Maxwell the opportunity to not only just, not Maxwell, sorry, Loops, not only to file the motion for reconsideration, but to also further supplement the motion to reconsideration and provide additional information, which Loops may have otherwise provided in response to that cross motion. Judge Bryson, anything further? Nothing further. Okay, thank you. Mr. Walker, how much, Joseph, how much rebuttal time does Mr. Walker have? Judge Moore, Mr. Walker has three minutes on the button. Thank you very much. Mr. Walker, please proceed. Thank you. And, yeah, I understand the point regarding claim four and claim 13 is the one that we asserted that it's consistent with the construction of flexible throughout if you apply that to just the body and that's consistent with the way the claim is written. And then procedurally, and I know we've briefed this over and over, you know, in addition to the sui sponte summary judgment without a cross motion, the court then asked, well, send me the brush and then issued the order saying this doesn't flex, bend, twist, or anything. But by that time, we'd already submitted evidence that it does, and it does, and we submitted more evidence that it does. Having the expert, you know, put a measurement device to show that the evidence we already submitted shows that there's a deflection in the head portion. And, you know, why are we trying to prove flexibility throughout by referring to the head at all? Well, it's a practical matter. We're applying the claims to the accused product. So you hold it in your hands and you twist it or you put it in a vice and you twist it. And so procedurally, not having a chance to even know what the court did to examine this and knowing or at least believing what we see with our own eyes that the head portion does bend, we don't see how that could be procedurally appropriate. We don't see how that couldn't be an abuse of discretion. I don't like to use that term regarding anyone, but it was unreasonable to ignore the picture of the head portion being bent by fingers. It clearly is flexible and deny the whole thing. So issue summary judgment sui sante without disregarding evidence that's directly contrary to that. So with that, I will close. Okay. We thank both counsel. This case is taken under submission and that concludes our proceedings for today. The honor is adjourned until tomorrow morning at 10 a.m.